UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------

| | | |
|---|---|---|
| JAMES M. ARMSTRONG, | : | CASE NO. 1:17-CV-803 |
| Plaintiff, | : | |
| v. | : | OPINION & ORDER |
| | : | [Resolving Doc. 4] |
| DANIEL DUNLAP, ET AL, | : | |
| Defendants. | : | |

-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff James M. Armstrong brings a prisoner civil rights action under 42 U.S.C. § 1983. On May 16, 2017, Armstrong filed a motion for appointment of counsel.[1]

Appointment of counsel for prisoners proceeding *in forma pauperis* is governed by 28 U.S.C. § 1915, which states that "[t]he court may request an attorney to represent any person unable to afford counsel."[2] The Sixth Circuit has stated:

> Appointment of counsel in a civil case is not a constitutional right. It is a privilege that is justified only by exceptional circumstances. In determining whether "exceptional circumstances" exist, courts have examined the type of case and the abilities of the plaintiff to represent himself. This generally involves a determination of the complexity of the factual and legal issues involved.[3]

At this time, the Court declines to exercise its discretion to appoint counsel to represent Plaintiff Armstrong. Armstrong's complaint shows a basic understanding of the legal process. The Court sees no exceptional circumstances warranting appointment of counsel. Accordingly, the Court **DENIES** Plaintiff's motion for the appointment of counsel.

---

[1] Doc. 4.
[2] 28 U.S.C. § 1915(e)(1).
[3] *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993) (internal quotations and citations omitted).

Case No. 1:17-CV-803
Gwin, J.

  IT IS SO ORDERED.


Dated: July 14, 2017            *s/  James S. Gwin*
                      JAMES S. GWIN
                      UNITED STATES DISTRICT JUDGE