UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------------------------------------------------------
:
JAMES M. ARMSTRONG, : CASE NO. 1:17-CV-0803
:
      Plaintiff, :
:
  vs. : OPINION & ORDER
: [Resolving Doc. 12, 20, 21]
DANIEL DUNLAP, et al., :
:
      Defendants. :
:
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

*Pro se* Plaintiff James M. Armstrong filed this civil rights action against Defendants Lake County Sheriff Daniel Dunlap, Chief Deputy Frank Leonbruno, and Captain Cynthia Brooks. In his Complaint, Plaintiff makes a series of allegations concerning jail conditions and facilities at the Lake County Adult Detention Facility.[1] He seeks an injunctive order requiring Defendants to rectify the conditions and facilities at the jail, as well as monetary damages.[2]

Defendants move to dismiss the Complaint for failure to state a cause of action.[3] Plaintiff opposes.[4] For the following reasons, the Court **GRANTS** Defendants' motion to dismiss.

## I. BACKGROUND

Plaintiff asserts that inmates at Lake County Adult Detention Facility should be given the following rights:

    1) Medications distributed by registered nurses;
    2) Sanitary living conditions free of mold or insects;
    3) An up-to-date law library;
    4) One free phone call at booking;
    5) Clean heating and air duct systems;
    6) One hour of recreation a day;

---

[1] Doc. 1 at 3-4.
[2] *Id.* at 6.
[3] Docs. 12, 21.
[4] Doc. 20.

Case No.1:17-cv-0803
Gwin, J.

      7) Clean blankets once a month;
      8) Sanitary food service;
      9) Medical attention;
      10) Food served at reasonable times; and
      11) Food with enough calories.[5]

Plaintiffs seek an injunctive order requiring the jail to address Plaintiff's concerns.[6] Plaintiff also seeks $85,000 in monetary damages.[7]

Defendants move to dismiss the Complaint for failing to state a claim against Defendants in either their official or individual capacities.[8] Defendants also argue that Plaintiff has failed to allege any constitutional violations.[9] Plaintiff opposes.[10]

## II. LEGAL STANDARD

Although federal courts are obligated to construe *pro se* complaints liberally,[11] such principles are not without limits.[12] Plaintiffs proceeding *pro se* must still meet basic pleading standards, and courts are not required to "conjure allegations on [their] behalf."[13]

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"[14] The plausibility requirement is not a "probability requirement."[15] Plaintiff need not try to prove his case in the complaint. But there must be "more than a sheer possibility that the defendant has acted unlawfully."[16]

---

[5] Doc. 1 at 3-4.
[6] *Id.* at 6.
[7] *Id.*
[8] Doc. 12.
[9] *Id.*
[10] Doc. 20.
[11] *See* Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011).
[12] Young Bok Song v. Gipson, 423 Fed. App'x. 506, 509-10 (6th Cir. 2011).
[13] Erwin v. Edwards, 22 F. App'x 579, 580 (6th Cir. 2001) (citations omitted).
[14] Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic v. Twombly, 550 U.S. 544, 570 (2007)).
[15] *Id.* (quoting Bell Atlantic, 550 U.S. at 556).
[16] *Id.*

Case No.1:17-cv-0803
Gwin, J.

Federal Rule of Civil Procedure 8 provides the general pleading standard and only requires that a complaint "contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."[17] "Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."[18] In deciding a motion to dismiss under Rule 12(b)(6), "a court should assume the[] veracity" of "well-pleaded factual allegations," but need not accept a plaintiff's conclusory allegations as true.[19]

### III. ANALYSIS

**A. Official Capacity Claims**

The Court first addresses whether Plaintiff sufficiently alleges claims against Defendants in their official capacities. Plaintiff makes claims against Lake County Sheriff Daniel Dunlap, Chief Deputy Frank Leonbruno, and Captain Cynthia Brooks in their official capacities.[20] These individuals are employees of Lake County.[21]

A suit against a government employee in his or her official capacity "represent[s] only another way of pleading an action against an entity of which an officer is an agent."[22] Therefore, Plaintiff's official capacity claims under Section 1983 are claims directly against Lake County.

A local government subdivision such as Lake County is a "person" with respect to § 1983 liability.[23] However, Lake County cannot be held liable under § 1983 on a *respondeat superior* theory.[24] Lake County can only be held liable under § 1983 when the execution of the local

---

[17] Fed. R. Civ. P. 8(a)(2).
[18] *Iqbal*, 556 U.S. at 678-79 (citations omitted).
[19] *Id.* at 679.
[20] Doc. 1 at 2-3.
[21] *Id.*
[22] *Monell v. Dep't. of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978).
[23] *See id.* at 690.
[24] *See Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397, 403-06 (1997) ("That a plaintiff has suffered a deprivation of federal rights at the hands of a municipal employee will not alone permit an inference of municipal culpability and causation ...").

Case No.1:17-cv-0803
Gwin, J.

government's policy or custom inflicts the alleged injury.[25] Thus, Plaintiff must demonstrate a direct causal link between the government's policy or custom and the constitutional deprivation by showing that the alleged injury was caused by the execution of the particular policy or custom.[26]

Here, Plaintiff fails to allege any facts that suggest the jail employees were acting pursuant to Lake County's custom or policy. In fact, Plaintiff does not mention "custom" or "policy" at all in his Complaint. Thus, the Court dismisses Plaintiff's official capacity claims against Defendants.

**B. Individual Capacity Claims**

Plaintiff also fails to allege claims against Defendants in their individual capacities.[27]

Plaintiffs can only demonstrate Defendants' individual liability by showing Defendants were personally involved in the unconstitutional behavior alleged.[28] Thus, individual liability "must be based on the actions of that defendant in the situation that the defendant faced, and not based on any problems caused by the errors of others, either defendants or non-defendants."[29]

To impose supervisory liability, "'a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate.'"[30]

Plaintiff fails to make any such allegations. At most, Plaintiff alleges that Defendants "are responsible for the functioning of the facility Lake County Jail."[31] Plaintiff also seems to say that

---

[25] *Monell*, 436 U.S. at 694.
[26] *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993).
[27] In his Complaint, Plaintiff only asserts claims against Defendants in their official capacities. Doc. 1 at 2-3. However, the Court also evaluates whether Plaintiffs make claims against Defendants in their individual capacities.
[28] *Rizzo v. Goode*, 423 U.S. 362, 373-74 (1976); *see also Heyerman v. Cnty. of Calhoun*, 680 F.3d 642, 647 (6th Cir. 2012) (noting that "[p]ersons sued in their individual capacities under § 1983 can be held liable based only on their own unconstitutional behavior").
[29] *Gibson v. Matthews*, 926 F.2d 532, 535 (6th Cir. 1991).
[30] *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008) (quoting *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984)).
[31] Doc. 1 at 6.

-4-

Case No.1:17-cv-0803
Gwin, J.

Defendants are responsible for the alleged constitutional violations by denying Plaintiff's grievances.[32] These allegations fail to support individual capacity claims against Defendants.

First, these allegations do not demonstrate that Defendants knew Plaintiff or personally participated in the decisions concerning the jail's functioning that injured Plaintiff.[33]

Second, these allegations fail to impose supervisory liability on Defendants. Plaintiff has not alleged any facts suggesting that Defendants authorized, approved, or knowingly acquiesced in the alleged constitutional violations.

Likewise, Defendants' alleged "denial of [Plaintiff's] administrative grievances or the[ir] failure to act" is also insufficient.[34] Plaintiff can only assert claims against the subjects of his grievances, not those who merely decided whether to grant or deny the grievances.[35] Thus, Plaintiff fails to impose supervisory liability on Defendants merely because they denied his administrative grievances.

Thus, to the extent Plaintiff alleges individual capacity claims against Defendants, these claims are also dismissed.

## C. Plaintiff Does Not Allege Any Cognizable Constitutional Violations.

Even if Plaintiffs could bring suit against Defendants, the Court finds that Plaintiff fails to allege any cognizable violations of his constitutional rights.

---

[32] *Id.* at 8.
[33] *See, e.g.*, *Howard v. Tibbals*, No. 1:12-CV-2628, 2013 WL 821339, at *4-5 (N.D. Ohio Mar. 4, 2013) (denying individual capacity claims where plaintiff failed to allege defendants "knew plaintiff or in any way personally participated in the alleged constitutional violations at issue.").
[34] *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *Grinter*, 532 F.3d at 576; *Alder v. Corr. Med. Servs.*, 73 F. App'x 839, 841 (6th Cir. 2003) (finding that "[t]he mere denial of a prisoner's grievance states no claim of constitutional dimension").
[35] *See, e.g.*, *Shehee*, 199 F.3d at 300; *Martin v. Harvey*, 14 F. App'x 307, 309 (6th Cir. 2001) (finding that "the denial of the grievance is not the same as the denial of the request to receive medical care").

Case No.1:17-cv-0803
Gwin, J.

### 1. Law Library

Plaintiff requests a law library with up-to-date materials.[36] However, neither the First nor Fourteenth Amendment guarantees inmates access to an adequate law library.

The First Amendment only guarantees inmates the right to access the courts. But to show he was denied this right, Plaintiff must explain how the "the alleged shortcomings in the library . . . hindered his efforts to pursue a legal claim."[37] Plaintiff makes no such allegation. Thus, Plaintiff fails to make a cognizable claim under the First Amendment.

Furthermore, Plaintiff's Fourteenth Amendment right to due process only guarantees Plaintiff the right to an attorney during his criminal trial.[38] Accordingly, Plaintiff cannot state a Fourteenth Amendment violation because he was deprived of an adequate law library.

The Court thus dismisses Plaintiff's claim concerning his right to an adequate law library.

### 2. Conditions of Confinement

Plaintiff next makes a series of allegations concerning his confinement conditions.

To determine whether these allegations constitute an Eighth Amendment claim, the Court employs the framework the Supreme Court set forth in *Wilson v. Seiter*.[39]

Under this framework, Plaintiff must first plead facts that establish that a sufficiently serious deprivation has occurred.[40] Seriousness is measured in response to "contemporary standards of decency."[41] Routine discomforts of prison life do not suffice.[42]

---

[36] Doc. 1 at 4.
[37] *Lewis v. Casey*, 518 U.S. 343, 351 (1996); *see also Brown v. Kasich*, No. 4:16CV2284, 2017 WL 769958, at *3 (N.D. Ohio Feb. 28, 2017).
[38] *United States v. Smith*, 907 F.2d 42, 44 (6th Cir. 1990); *see also Holder v. Cuyahoga Cty. Jail*, No. 1:16 CV 2718, 2017 WL 696691, at *4 (N.D. Ohio Feb. 21, 2017).
[39] 501 U.S. 294, 298-300 (1991).
[40] *Id.*
[41] *Hudson v. McMilian*, 503 U.S. 1, 8 (1992).
[42] *Id.* at 9.

Next, Plaintiffs must establish that prison officials acted with a sufficiently culpable state of mind.[43] Only deliberate indifference to serious medical needs or extreme deprivations regarding confinement conditions will implicate Eighth Amendment protections.[44] Deliberate indifference is characterized by "obduracy and wantonness, not inadvertence or error in good faith."[45] Liability cannot be predicated solely on negligence.[46]

The Court addresses Plaintiff's claims in turn:

### a. Denial of Medical Treatment; Distribution of Medication by Corrections Officers

Plaintiff says that he suffers from dirt and blood in his nose, poor breathing, sores, and a swelling foot, in connection with the dirty air ducts, mold, and insects in the jail.[47] Plaintiff claims that Defendants denied him proper medical care.[48] Plaintiff also complains that registered nurses do not distribute his medication.[49]

To state an Eighth Amendment claim, Plaintiff must show that he was suffering from a "serious" medical need.[50] The duty to provide a certain level of health care to incarcerated offenders under the Eighth Amendment is limited.[51] "Not 'every ache and pain or medically recognized condition involving some discomfort can support an Eighth Amendment claim.'"[52]

---

[43] *Wilson*, 501 U.S. at 303.
[44] *Hudson*, 503 U.S. at 9.
[45] *Whitley v. Albers*, 475 U.S. 312, 319 (1986).
[46] *Id.*
[47] Doc. 1 at 6.
[48] *Id.*
[49] *Id.* at 3.
[50] *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).
[51] *Hudson*, 503 U.S. at 8-9.
[52] *Sarah v. Thompson*, No. 03-2633, 2004 WL 2203585, at *1 (6th Cir. Sept. 15, 2004) (quoting *Gutierrez v. Peters*, 111 F.3d 1364, 1372 (7th Cir. 1997)).

Case No.1:17-cv-0803
Gwin, J.

Accordingly, district courts have held that conditions similar to those Plaintiff alleges do not constitute such serious medical need.[53] Thus, the Court also finds that Plaintiff's allegations do not rise to serious medical needs.

Even if Plaintiff could demonstrate serious medical needs, he does not allege that Defendants acted with deliberate indifference. Allegations of medical malpractice, negligent diagnosis, or negligent treatment fail to state an Eighth Amendment claim.[54] Moreover, where jail officials provided a prisoner some medical attention and the dispute concerns the treatment's adequacy, federal courts are generally reluctant to second guess medical judgments.[55]

Exhibits to the Complaint show that jail officials provided Plaintiff some medical attention for his ailments. Jail officials gave Plaintiff cortisone cream for his bumps on arms and legs.[56] Jail officials also advised Plaintiff to get antifungal cream from the commissary for his foot fungus;[57] Tylenol at medications distribution for his swelling foot;[58] and saline spray for his nose.[59] This medical treatment is not "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness."[60]

The Court likewise dismisses Plaintiff's claim concerning medications distribution. Plaintiff also fails to allege that the correction officers acted with any deliberate indifference when distributing Plaintiffs' medicine.

---

[53] *See, e.g.*, *Peters v. Berghuis*, No. 1:09-CV-14, 2009 WL 261387, at *7 (W.D. Mich. Feb. 3, 2009) (no Eighth Amendment violation from lack of ventilation that caused plaintiff some minor sinus problems); *Gonzalez-Reyna v. Ellis*, No. 1:09CV522 AJT/TCB, 2009 WL 2421482, at *3 (E.D. Va. July 27, 2009) ("[I]t is doubtful that a skin rash, even one which causes pain and itching, is a sufficiently serious medical need to support an Eighth Amendment violation."); *Smith v. Fox*, No. 4:05-1554 GRATER, 2006 WL 2090170, at *8 (D.S.C. July 25, 2006) (no Eighth Amendment violation from mold that caused sores in plaintiff's nose and mouth).
[54] *Farmer v. Brennan*, 511 U.S. 825, 835-36 (1994).
[55] *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976).
[56] Doc. 1-1 at 3.
[57] *Id.* at 3, 4.
[58] *Id.* at 3.
[59] *Id.* at 6.
[60] *Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 844 (6th Cir. 2002).

Thus, the Court dismisses Plaintiff's claim regarding the distribution of his medicine and denial of medical treatment.

### b. *Free Phone Call; Sanitary Living Conditions; Heating and Air Duct Systems*

Plaintiff also says that detainees should be allowed one free phone call at booking.[61] He also complains about the mold and insects in the jail and the dirty heating and air duct systems.[62]

The Eighth Amendment, however, does not require that a prisoner be free from discomfort or inconvenience.[63] None of the described conditions constitute an "unnecessary and wanton infliction of pain."[64] Rather, such conditions are routine discomforts of prison life.[65]

Thus, these claims do not rise to a constitutional violation, and the Court dismisses them.

### c. *Food Preparation and Handling*

Plaintiff next asserts that prison officers must wear hair nets and gloves, and not have "snuff" in their mouths while serving food.[66] Plaintiff also complains about the length of time between meals and their caloric content.[67]

Prisoners cannot "expect the amenities, conveniences, and services of a good hotel or five star restaurant."[68] In particular, Plaintiff does not have any constitutional right to a particular diet, as long as it is sufficient to sustain Plaintiff's health.[69]

---

[61] Doc. 1 at 4.
[62] *Id.* at 3-4.
[63] *See Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987); *Brown*, 2017 WL 769958, at *4.
[64] *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981).
[65] *See, e.g.*, *Tapp v. Dunlap*, No. 17 CV 647, 2017 WL 3456323, at *2 (N.D. Ohio Aug. 11, 2017) (finding that plaintiff's complaints about mold, insects, dust, and lack of free phone calls at booking were "conditions of which the Plaintiff complains and had to temporarily endure while housed in the Facility, though unpleasant, are part of penalty that criminal offenders pay for their offenses against society.").
[66] Doc. 1 at 4.
[67] *Id.*
[68] *Rivers v. Mohr*, No. 1:12-CV-00027, 2012 WL 1155101, at *3 (N.D. Ohio Apr. 5, 2012) (citing *Harris v. Fleming*, 839 F.2d 1232, 1235 (7th Cir.1988)).
[69] *See, e.g.*, *Robinson v. Jackson*, 615 Fed. App'x. 310, 313-15 (6th Cir. 2015) ("Prisoners have a constitutional right to meals that meet their nutritional needs . . . [b]ut there is no constitutional right for each prisoner to be served the specific foods he desires[.]").

Case No.1:17-cv-0803
Gwin, J.

Here, Plaintiff's allegations concerning food handling and preparation concern only "annoyances or discomforts that accompany incarceration in jail."[70] Without more specific facts, the Court cannot find that these allegations rise to a level of seriousness affecting his health or safety as to constitute a viable Eighth Amendment claim.

### d. Clean Blankets

Plaintiff alleges that inmates have a right to clean blankets once a month. This allegation fails to support a constitutional violation. "While [unwashed blankets] certainly can create uncomfortable and even odorous living conditions, it does not constitute the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment."[71] The Court dismisses this claim.

### e. One Hour of Recreation

Plaintiff asserts that inmates must be given one hour of recreation a day.[72] However, only total deprivation of exercise or recreational opportunity without penological justification violates the Eighth Amendment.[73] *De minimis* deprivations of recreation do not support Eighth Amendment claims.[74] Plaintiff fails to allege whether he has been totally deprived of recreation. In fact, he acknowledges in his opposition that inmates are given recreation at least twice a week.[75] Thus, Plaintiff's allegations, without more, fail to state a claim.

---

[70] *Brown*, 2017 WL 769958, at *5.
[71] *Holder*, 2017 WL 696691, at *4 (citing *Knop v. Johnson*, 977 F.2d 996, 1012-19 (6th Cir. 1992); *Chandler v. Chapleau*, 98 F.3d 1341 (6th Cir. 1996)).
[72] Doc. 1 at 4.
[73] *See Walker v. Mintzes*, 771 F.2d 920, 927 (6th Cir.1985); *Patterson v. Mintzes*, 717 F.2d 284, 289 (6th Cir. 1983).
[74] *Walker*, 771 F.2d at 927; *Patterson*, 717 F.2d at 289.
[75] Doc. 20 at 3.

Case No.1:17-cv-0803
Gwin, J.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' motion to dismiss.

IT IS SO ORDERED.

Dated: August 31, 2017
*s/     James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE